UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CODI HOLBROOK, LESA MCCLAIN, and SAFECO INSURANCE COMPANY OF INDIANA <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:23-cv-00051

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, State Farm and Fire Casualty Company ("State Farm"), by counsel, for its Complaint for Declaratory Judgment against Defendants, Codi Holbrook, Lesa McClain, and Safeco Insurance Company of Indiana, states as follow:

**PARTIES AND VENUE**

1. This is a civil action for declaratory relief brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Ind. Code § 34-14-1, *et seq.*, for the determination of a controversy between State Farm and Defendants, Codi Holbrook ("Underlying Defendant"), Lesa McClain ("Underlying Plaintiff"), and Safeco Insurance Company of Indiana ("Safeco"), which arises out of an insurance contract issued by State Farm in Indiana under which Underlying Defendant is an insured.

2. Jurisdiction is proper under 28 U.S.C.A. § 1332(a).

    a. Underlying Defendant is domiciled in Jasper County, Indiana and is therefore a citizen of Indiana.

b. Underlying Plaintiff is domiciled in Newton County, Indiana and is therefore a citizen of Indiana.

c. Safeco is an insurance company incorporated under the laws of the State of Indiana with its principal place of business in Seattle, Washington. Safeco is therefore a citizen of both Indiana and Washington.

d. State Farm is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. State Farm is therefore a citizen of Illinois.

e. On December 14, 2022, Underlying Plaintiff filed a lawsuit in the Jasper County Circuit Court under Cause No. 37C01-2212-CT-001125 (the "Underlying Lawsuit") against the Underlying Defendants and others. A true and accurate copy of the Amended Complaint from the Underlying Lawsuit is attached as *Exhibit A*.

f. Underlying Plaintiff alleges that on or about May 6, 2022, Underlying Defendant negligently and/or recklessly operated his motor vehicle in a manner that resulted in Underlying Plaintiff being improperly removed or otherwise ejected from the vehicle and sustaining personal injuries. *Ex. A*, ¶ 9.

g. Underlying Plaintiff further alleges that she sustained "permanent and severe personal injuries;" past and future medical expenses; past and future physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; lost wages; property damage; and other damages. *Id.* at ¶ 12.

h.  Additionally, Underlying Plaintiff alleges Underlying Defendant knowingly or intentionally touched Underlying Plaintiff in a rude, insolent, or angry manner resulting in "serious bodily injury." *Id.* at ¶ 38.

i.  Indiana prohibits a plaintiff in a personal injury lawsuit from alleging a dollar amount in the complaint. *Ind. R. Trial P. 8(A)(2)*.

j.  State Farm issued a Homeowners Policy, number 14-BQ-F440-7, with effective dates of November 2, 2021 to November 2, 2022 (the "Policy,") to Underlying Defendant's parents, Shaun and Shannon Holbrook, with whom Underlying Defendant lived. A true and accurate copy of the Policy is attached as *Exhibit B*.

k.  Underlying Defendant was criminally charged in connection with the incident in the Jasper County Superior Court under Cause No. 37D01-2205-F5-000405 (the "Criminal Case"), and he ultimately pled guilty on or about March 13, 2023.

l.  According to public records in the Criminal Case, Underlying Plaintiff's injuries included "a serious swelled, black and blue eye" and potential "permanent blindness in her right eye."

m.  Underlying Plaintiff had been transported to Franciscan Hospital in Rensselaer, Indiana and later IU Health in Indianapolis, Indiana for her injuries.

n.  Two days after the incident, Underlying Plaintiff reported to law enforcement that she was seeing a specialist for her injuries.

3

  o. The Policy provides limits of $300,000 for personal liability, and therefore the potential outlay for indemnity of the Underlying Lawsuit exceeds $75,000.

3. Therefore, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, based on the face of the Underlying Complaint and known facts to date.

4. Venue is proper under 28 U.S.C.A. § 1391(b)(2). The incident giving rise to this action took place in Demotte, Jasper County, Indiana.

5. State Farm now seeks an order determining coverage for the Underlying Lawsuit.

### THE STATE FARM POLICY

6. The State Farm Policy contains the following provisions:

### DEFINITIONS

*We* define the following words and phrases for use throughout this policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in bold and italics.

\*\*\*

2. *"bodily injury"* means physical injury, sickness, or disease to a person. This includes required care, loss of services, and death resulting therefrom.

\*\*\*

8. *"Insured"* means:

  a. *you*;

  b. *your relatives*;…

\*\*\*

12. *"motor vehicle"*, when used in Section II of this policy, means:

4

      a. a land ***motor vehicle*** designed for travel on public roads or subject to motor vehicle registration…

13. ***"occurrence"***, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

      a. ***bodily injury***;

\*\*\*

15. ***"relative"*** means any person related to ***you*** by:

      a. blood;…

\*\*\*

20. ***"we", "us",*** and ***"our"*** mean the Company shown in the ***Declarations***.

21. ***"you"*** and ***"your"*** mean the person or persons shown as "Named Insured" in the ***Declarations***.

\*\*\*

## SECTION II – LIABILITY COVERAGES

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an ***insured*** for damages because of ***bodily injury***…to which this coverage applies, caused by an ***occurrence***, ***we*** will:

1. pay up to ***our*** limit of liability for the damages for which the ***insured*** is legally liable. ***We*** will not pay for criminal restitution; and

2. provide a defense at ***our*** expense by counsel of ***our*** choice...

\*\*\*

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

***We*** will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing ***bodily injury***…

\*\*\*

## SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

    a. ***bodily injury***…that:

        (1) was a result of a:

            (a) willful and malicious; or

            (b) criminal

        act or omission of the ***insured***;

        (2) was intended by the ***insured***; or

        (3) would have been expected by the ***insured*** based on a reasonable person standard.

Exclusions a.(1), a.(2), and a.(3) above apply to all ***bodily injury***…even if the:…

        (2) ***bodily injury*** was of a different kind, quality, or degree than was expected or intended;

        (3) ***insured*** lacked the mental capacity to control his or her conduct;

        (4) ***insured*** was not charged with or convicted of a criminal act or omission; or

        (5) ***insured*** was impaired by drugs or alcohol;

    ***

    f. ***bodily injury*** arising out of the ownership, maintenance, use, loading, or unloading of:…

        (2) a ***motor vehicle*** owned or operated by or rented or loaned to any ***insured***;…

## COUNT I

7. State Farm incorporates its allegations contained in paragraphs 1 through 6 as if fully set forth herein.

8. Under the Policy, liability coverage under Coverage L is only afforded for ***bodily injury*** or ***property damage*** to which the coverage applies, caused by an ***occurrence***.

9. The Underlying Lawsuit does not allege ***property damage***.

10. An ***occurrence*** is defined as "an accident, including accidental exposures to conditions, which first results in ***bodily injury***."

11. The Underlying Lawsuit alleges that Underlying Defendant "knowingly or intentionally" touched Underlying Plaintiff in a rude, insolent, or angry manner resulting in serious bodily injury.

12. Therefore, the Underlying Lawsuit does not allege an "accident."

13. Therefore, the Underlying Lawsuit does not allege an ***occurrence*** as that term is defined under the Policy.

14. State Farm seeks a judicial declaration that State Farm owes no duty to defend or indemnify Underlying Defendant under the Policy because the Underlying Lawsuit does not allege an ***occurrence***.

## COUNT II

15. State Farm incorporates its allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. Under the Policy, medical payments coverage under Coverage M is only afforded for necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing ***bodily injury***.

17. As previously stated, the Underlying Lawsuit does not allege an "accident."

18. Therefore, there is no coverage under Coverage M for the allegations contained in the Underlying Lawsuit.

19. State Farm seeks a judicial declaration that State Farm owes no medical payments coverage to the Underlying Plaintiff under the Policy because the Underlying Lawsuit does not allege an accident.

## COUNT III

20. State Farm incorporates its allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. The Policy excludes from Coverage L and Coverage M damages for *bodily injury* that was a result of a willful and malicious or criminal act or omission of Underlying Defendant; was intended by Underlying Defendant; or either intended by Underlying Defendant or would have been expected by Underlying Defendant using a reasonable person standard (the "Expected or Intended Injury Exclusion").

22. In the event that the Court determines there was an *occurrence*, the Expected or Intended Injury Exclusion nevertheless excludes coverage.

23. The Underlying Lawsuit alleges that Underlying Defendant "knowingly or intentionally" touched Underlying Plaintiff in a rude, insolent, or angry manner resulting in serious bodily injury.

24. Moreover, Underlying Defendant pled guilty to Domestic Battery Resulting in Moderate Bodily Injury under Cause No. 37D01-2205-F5-000405 in the Jasper County Superior Court as a result of the incident alleged in the Underlying Lawsuit.

25. State Farm seeks a judicial declaration that State Farm owes no duty to defend or indemnify Underlying Defendant or provide medical payments coverage to Underlying Plaintiff

because the allegations contained in the Underlying Lawsuit are excluded from Coverage L and Coverage M under the Expected or Intended Injury Exclusion.

## COUNT IV

26. State Farm incorporates its allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. The Policy excludes from coverage **bodily injury** arising out of the ownership, maintenance, use, loading, or unloading of a **motor vehicle** owned or operated by or rented or loaned to any **insured** (the "Motor Vehicle Exclusion").

28. To the extent that the use of a motor vehicle was the efficient and predominating cause of Underlying Plaintiff's injuries, the Motor Vehicle Exclusion precludes coverage.

29. State Farm seeks a judicial declaration that State Farm owes no duty to defend or indemnify Underlying Defendant or provide medical payments coverage to Underlying Plaintiff because the allegations contained in the Underlying Lawsuit are excluded from Coverage L and Coverage M under the Motor Vehicle Exclusion.

WHEREFORE, State Farm Fire and Casualty Company prays that judgment be entered in its favor and against Defendants Codi Holbrook, Lesa McClain, and Safeco Insurance Company of Indiana, declaring that:

1. State Farm does not owe a duty to defend and indemnify Underlying Defendant in the Underlying Lawsuit filed by Underlying Plaintiff because the Underlying Lawsuit does not allege an **occurrence** and is therefore not a covered loss under Coverage L of the Policy;

2. State Farm does not owe Underlying Plaintiff medical payment coverage under Coverage M of the Policy because the Underlying Lawsuit does not allege an accident; and

3. Alternatively, State Farm does not owe a duty to defend and indemnify Underlying Defendant or to provide the Underlying Plaintiff medical payment coverage in the Underlying Lawsuit because the allegations in the Underlying Lawsuit are precluded by the Expected or Intended Injury Exclusion.

4. Alternatively, State Farm does not owe a duty to defend and indemnify Underlying Defendant or to provide the Underlying Plaintiff medical payment coverage in the Underlying Lawsuit because the allegations in the Underlying Lawsuit are precluded by the Motor Vehicle Exclusion.

Respectfully submitted,

Dated: June 28, 2023

*/s/ Dennis F. Cantrell*
Dennis F. Cantrell, #10794-49

*/s/ Charles J. Niblick*
Charles J. Niblick, #32703-49

*Attorneys for Plaintiff, State Farm Fire and Casualty Company*

STOLL KEENON OGDEN PLLC
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204
Telephone:   (317) 464-1100
Facsimile:   (317) 464-1111
Email:       dennis.cantrell@skofirm.com
             chuck.niblick@skofirm.com