UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CODI HOLBROOK, LESA MCCLAIN, and SAFECO INSURANCE COMPANY OF INDIANA,<br><br>　　　　Defendants. | CAUSE NO.: 4:23-CV-51-TLS-JPK |
| SAFECO INSURANCE COMPANY OF INDIANA,<br><br>　　　　Cross Claimant,<br><br>　　v.<br><br>CODI HOLBROOK and LESA MCCLAIN,<br><br>　　　　Crossclaim Defendants. | |

**OPINION AND ORDER**

　　This matter is before the Court on the Plaintiff's Request for Entry of Default [ECF No. 22], filed on October 11, 2023. The Plaintiff requests that the Clerk of Court enter default against Defendant Codi Holbrook, who was served with copies of the Complaint and summons on July 7, 2023 [ECF No. 6] and has since failed to respond. Defendant Lesa McClain responded to the Plaintiff's request and objected to a default judgment against Defendant Holbrook because it would create a risk of inconsistent judgments. ECF No. 24. In the Plaintiff's reply, the Plaintiff argues that Defendant McClain's objection is premature because the Plaintiff is only requesting an entry of default, not a default judgment. ECF No. 25.

Federal Rule of Civil Procedure 55, which governs the entry of default and the entry of default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). The first step is satisfied when the clerk of court enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b).

Here, the Plaintiff has only requested an entry of default against Defendant Holbrook—the first step of the two-step process. The Plaintiff filed an affidavit in support of its request, showing that Defendant Holbrook failed to respond to the Plaintiff's Complaint. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." (emphasis added). Thus, Defendant McClain's objection is premature because the Plaintiff has only requested an entry of default against Defendant Holbrook, not a default judgment.

Accordingly, the Court hereby GRANTS the Plaintiff's Request for Entry of Default [ECF No. 22] and DIRECTS the Clerk of Court to enter default against Defendant Codi Holbrook pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

SO ORDERED on October 27, 2023.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT