### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CODI HOLBROOK, LESA MCCLAIN, and SAFECO INSURANCE COMPANY OF INDIANA,<br><br>Defendants. | CAUSE NO.: 4:23-CV-51-TLS-JEM |
| SAFECO INSURANCE COMPANY OF INDIANA,<br><br>Cross Claimant,<br><br>v.<br><br>CODI HOLBROOK and LESA MCCLAIN,<br><br>Crossclaim Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Safeco Insurance Company of Indiana's Request for Entry of Default of Crossclaim Defendant Codi Holbrook [ECF No. 29], filed on January 24, 2024. For the reasons explained below, the motion is denied without prejudice because it is unclear whether service of process was proper.

## BACKGROUND

On June 28, 2023, Plaintiff State Farm and Casualty Company ("State Farm") filed a Complaint for Declaratory Judgment [ECF No. 1] against Safeco Insurance Company of Indiana ("Safeco"), Lesa McClain, and Codi Holbrook. State Farm served Holbrook with a copy of the

complaint and summons on July 7, 2023. *See* ECF No. 6. The Court later found that Holbrook

was in default as to State Farm's claims. *See* Op. & Order, ECF No. 26.

On August 22, 2023, Safeco filed an answer to the complaint, as well as a crossclaim

against Holbrook. ECF No. 18. On January 24, 2024, Safeco filed its request for an entry of

default as to its crossclaim against Holbrook. ECF No. 29. In support, Safeco included an

affidavit from its counsel of record. *See* ECF No. 29-1. In the affidavit, counsel states that she

sent Holbrook a copy of the crossclaim via certified mail on December 20, 2023. *Id.* ¶ 10. She

states that the "letter and Crossclaim were received [on] December 23, 2023." *Id.* ¶ 11. Also

included is a copy of the letter. *See* ECF No. 29-2.

Safeco also filed a "ship request form" which implies that a letter was sent to Codi

Holbrook at 600 15th Avenue NW in DeMotte, Indiana. *See* ECF No. 29-3 at 1.

Lastly, as seen below, Safeco included a "proof of delivery" from the United States

Postal Service. *Id.* at 2.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | December 23, 2023, 1:31 pm |
| **Location:** | DEMOTTE, IN 46310 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Signature** | |
| Signature of Recipient: | *Aaron Hilbert* |
| Address of Recipient: | 600 15th |

As seen above, this return receipt only indicates that a package was sent via certified mail

to an "Individual." The form does not include the street address—rather, the location is only

given as "DEMOTTE, IN 46310." *Id.* Adding further confusion, the form includes a handwritten

"address of recipient" that is unclear. *Id.* The handwritten street address could reasonably be interpreted as 600 15th or 609 5th. *Id.* There is an electronic signature of the recipient, but it is unclear who signed the document.

## ANALYSIS

Federal Rule of Civil Procedure 4(e) allows for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Indiana law, service may be made upon an individual by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment *with return receipt requested and returned showing receipt of the letter*." Ind. R. Trial P. 4.1(A)(1) (emphasis added).

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "Indiana law places the risk of errant mail service on the plaintiff, who chooses that method of service and is in the best position to establish whether it was proper." *Ames v. Hutchinson*, No. 1:19-CV-4282, 2020 WL 1923191, at *3 (S.D. Ind. Apr. 21, 2020) (citing *Homer v. Jones-Bey*, 415 F.3d 748, 754–55 (7th Cir. 2005 (citing *Roberts v. Watson*, 359 N.E.2d 615, 619–20 (Ind. Ct. App. 1977))).

In this case, Safeco has not met its burden to demonstrate that service of its counterclaim on Codi Holbrook was proper. The return receipt only lists the delivery address as "DEMOTTE, IN 46310." ECF No. 29-3 at 2. Although there is a handwritten street address signed by the

3

recipient, the handwriting is unclear.[1] *Id.* The street address could be 600 15th or 609 5th. The Court takes judicial notice that within the city of DeMotte there is a 600 15th Avenue NW, which is Holbrook's purported address, and a 609 5th Street SE, which is a gas station. *See, e.g.*, *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1177 n.3 (7th Cir. 2013) (taking judicial notice of images available on Google Maps to estimate distance), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).[2] Based on the record, it is unclear whether the electronic return receipt was signed by Holbrook, someone at Holbrook's residence, or a gas station attendant at 609 5th Street SE. Thus, based on the ambiguous address and unclear signature, Safeco fails to demonstrate that service of process was proper. *See Bricklayers Union Loc. No. 6 of Ind. Pension Fund v. RV Builders*, No. 2:17-CV-355, 2020 WL 5258259, at *2 (N.D. Ind. Sept. 2, 2020) (vacating default judgment when return receipt for certified mail did not give location of delivery and signature was ambiguous).

Further, Safeco cannot rely on the "ship request form" as a return receipt. *See Mr. Cooper Grp. Inc. v. QuikFund, Inc.*, No. 1:23-CV-1608, 2023 WL 8478536, at *1 (S.D. Ind. Nov. 17, 2023) (concluding that a USPS tracking record did not satisfy the requirements of Indiana Rule of Trial Procedure 4.1(A)); *Prime Ins. Co. v. Riteway Trucking, Inc.*, No. 1:15-CV-105, 2016 WL 11602419, at *2 (N.D. Ind. May 10, 2016) ("[T]he Court is unpersuaded that the online tracking records submitted by Prime Insurance meet Rule 4.1's requirements in this instance.").

---

[1] By contrast, State Farm's return receipt includes a street address and clearly shows the signature of Codi Holbrook. *See* ECF No. 6-1 at 5.

[2] *See also United States v. Mendell*, 447 F.2d 639, 641 (7th Cir. 1971) ("Among the matters long recognized as proper subjects for judicial notice are a wide range of geographic facts, including location."); *Stewart v. Wang*, No. 20-CV-179, 2023 WL 2302065, at *3 (W.D. Wis. Mar. 1, 2023) ("To understand geographic locations that parties refer to in a case, courts may take judicial notice of Google maps."); *RJS Distribs., LLC v. Pepperidge Farm, Inc.*, No. 21 C 2125, 2021 WL 6063867, at *4 n.2 (N.D. Ill. Dec. 22, 2021) (using Google Maps to take judicial notice of street name leading to building); *Lymon v. UAW Loc. Union #2209*, No. 1:20-CV-169, 2021 WL 5810332, at *1 (N.D. Ind. Dec. 7, 2021) (using Google Maps to calculate distance between the plaintiff's residence and an assembly plant).

For example, the ship request form does not allow for "a written acknowledgment of receipt" as required by Indiana law. *See* Ind. R. Trial P. 4.1(A)(1). Thus, the Court denies without prejudice Safeco's request for an entry of default.

**CONCLUSION**

For the reasons stated above, the Court DENIES without prejudice Safeco Insurance Company of Indiana's Request for Entry of Default of Crossclaim Defendant Codi Holbrook [ECF No. 29].

SO ORDERED on April 5, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT