UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:23-CV-51-TLS-AZ |
| CODI HOLBROOK, LESA MCCLAIN, and SAFECO INSURANCE COMPANY OF INDIANA, | |
| Defendants. | |
| SAFECO INSURANCE COMPANY OF INDIANA, | |
| Cross Claimant, | |
| v. | |
| CODI HOLBROOK and LESA MCCLAIN, | |
| Crossclaim Defendants. | |

**OPINION AND ORDER**

This action arises out of an incident where Defendant Codi Holbrook shoved Defendant Lesa McClain out of his vehicle, a Ford Focus, onto the driveway of his parents' home—where Holbrook also resided—and took her into their home resulting in injuries to McClain. Subsequently, Holbrook was charged with criminal battery, to which he pled guilty. Thereafter, McClain filed a separate state court lawsuit against Holbrook seeking to recover damages she incurred as a result of her injuries sustained from the incident. At the time of the incident, Holbrook was insured under a homeowners insurance policy issued by Plaintiff State Farm Fire and Casualty Company in Indiana to his parents. State Farm filed a Complaint [ECF No. 1] in

this Court, seeking a declaratory judgment that it owes no defense coverage to Holbrook and no duty to indemnify him for McClain's injuries. Holbrook was also insured under an automobile insurance policy issued by Defendant and Crossclaimant Safeco Insurance Company of Indiana to his mother for the Ford Focus. Safeco filed a Crossclaim [ECF No. 18] in this Court, also seeking a declaratory judgment that it owes no defense coverage to Holbrook and no duty to indemnify him for McClain's injuries.

This matter is before the Court on two matters: (1) Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment [ECF No. 33]; and (2) Crossclaimant Safeco Insurance Company of Indiana's Motion for Summary Judgment [ECF No. 48]. These motions are fully briefed and ripe for ruling. Holbrook has not filed a response to either motion, and the time to do so has passed. For the reasons set forth below, the Court grants the motions.

## LEGAL STANDARDS

**A.   Summary Judgment Standard**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most

favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

**B.     Applicable Law**

Under Indiana law, "[a]n insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability." *Sheehan Const. Co. v. Cont'l Cas. Co.*, 935 N.E.2d 160, 169 (Ind. 2010).[1] "Thus, [courts] may not extend insurance coverage beyond that provided by the unambiguous language in the contract." *Id.* "Whether an insurer has a duty to defend a particular lawsuit is determined by examining the nature of the underlying complaint." *Ebert v. Ill. Cas. Co.*, 188 N.E.3d 858, 865 (Ind. 2022). "And an insurer's duty to defend is broader than its duty to indemnify. Consequently, if an insurer does not have a duty to defend, then it does not have a duty to indemnify." *Id.* (cleaned up).

"When determining whether a duty to defend exists, the insurer must look to the allegations in the complaint [in the personal injury lawsuit] coupled with the facts known to the insurer after reasonable investigation." *Smith v. Progressive Se. Ins. Co.*, 150 N.E.3d 192, 202 (Ind. Ct. App. 2020) (citing *Am. States Ins. Co. v. Aetna Life & Cas. Co.*, 379 N.E.2d 510, 518 (1978)). Thus, courts "may consider the evidentiary materials offered by the parties to show coverage or exclusion." *Id.* (citing *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991)). An insurer has no duty to defend "if the pleadings or investigation indicate that a claim is outside coverage limits or excluded under the policy." *Id.*

---

[1] The parties agree that Indiana law applies.

## BACKGROUND AND MATERIAL FACTS[2]

### A. The Parties

Plaintiff State Farm Fire and Casualty Company is an Illinois corporation with its principal place of business in Bloomington, Illinois. Compl. ¶ 2.d, ECF No. 1. Defendant and Crossclaimant Safeco Insurance Company of Indiana is an Indiana corporation. *See id*. ¶ 2.c; Safeco Ans. ¶ 2.c, ECF No. 18. Defendant and Crossclaim Defendant Codi Holbrook is domiciled in Jasper County, Indiana. Compl. ¶ 2.a; Safeco Ans. ¶ 2.a. Defendant and Crossclaim Defendant Lesa McClain is domiciled in Newton County, Indiana. Compl. ¶ 2.b; Safeco Ans. ¶ 2.b.

### B. The Incident and Resulting Criminal Proceedings

An incident occurred between Holbrook and McClain for which Holbrook was arrested and criminally charged in the Jasper County Superior Court under Cause No. 37D01-2205-F5-000405. State Farm Ex. C, ECF No. 34-3; Safeco Ex. D, ECF No. 50-4.

The Probable Cause Affidavit supporting the criminal charge states:

> On Saturday, May 7th, 2022, at approximately 01:52 AM, I Officer Wallace, with the Demotte Police Department was advised by dispatch that they were informed by Newton County Sheriff's Office that a battery had occurred in our jurisdiction. I reached out to Deputy Melton, with the Newton County Sheriff's Office and asked what had happened, being that he was the responsible officer for the initial report. He advised that he responded to 4881 E 964 N for a report of battery and upon his arrival, he spoke to the victim, identified as, Lesa [McClain] and she had a serious swelled, black and blue eye. She advised him that she was pushed out of her boyfriend's car at his residence in Demotte, located at 600 15th Ave, Demotte, IN. She was transported to Franciscan Hospital in Rensselaer, IN for medical evaluation due to her injuries. I went to the boyfriend's house, later identified as Codi Holbrook (06/09/1999), and asked him what had occurred. He stated that they were out drinking and eating at the pour house and then went to Holley's Bar in Demotte, where they ended up arguing and decided to go home to [Holbrook's] house. [Holbrook] stated that when he pulled into the driveway, he wanted her to get out of the car, which she refused to do. He stated that he shoved her out of the

---

[2] The facts offered by the parties are considered only to the extent they are supported by the properly cited evidence of record.

> vehicle onto the ground. He then picked her up and brought her inside the house. She later left with a friend of hers to seek safety. [Holbrook] was placed in handcuffs and transported to the Jasper County Sheriff's Department for knowingly and intentionally committing domestic battery resulting in serious bodily injury. During a follow up interview, [McClain] stated that her injury could result in permanent blindness in her right eye. She stated that after her initial medical evaluation at Franciscan Hospital in Rensselaer, IN she was transported to IU Health in Indianapolis, IN where she was later released Saturday night. She stated that today, 05/09/2022 she is currently seeing specialist in Merrillville, IN for her injuries and they do not quite understand how to keep the correct pressure in it. [McClain] does have documentation from medical visits available.

State Farm Ex. C; Safeco Ex. D.

McClain later testified about the incident in a personal injury lawsuit she filed against Holbrook, his parents, and Holley's Bar in state court (described in Part C below):

> We pulled into the driveway, the make-shift driveway that's on the right-hand side. He told me to get out of the car. I told him I would get out of the car when I was finished with my cigarette. He told me he was done with me, we were never going to be together. And I said I don't care anymore. And my door was open, and he shoved me in the left side of my face to lead my head out of the door but missed and smacked the right side of [] my face on the inside of the car where the seatbelt connects to.
>
> And next thing I knew, I was getting hit extremely hard in my left ribcage and it flung me out of the car onto the ground. I landed first right here on my head, all my body weight landed. I curled up into a ball because it hurt so bad, and next thing I knew he was already standing over me, screaming at me, telling me to get up. And I told him I couldn't.

State Farm Ex. D, pp. 33–34, ECF No. 34-4; Safeco Ex. F, pp. 33–34, ECF No. 50-6. She further testified, "I couldn't even feel my eye injury at that moment. My head and neck hurt so bad." Safeco Ex. F, p. 39. She said, "I just curled up in a ball. I just remember crying because it hurt so bad." *Id.* She also said, "I kept telling [Holbrook] I couldn't get up because my head and neck hurt so bad." *Id.* p. 40.

In an interrogatory response in the personal injury lawsuit, McClain said:

> [Holbrook] told her to get out of his car, [McClain] stated she wanted to finish her cigarette first and that is when [Holbrook] attempted to eject [her] from the vehicle smacking the right side of her face injuring her eye while inside the vehicle before

5

> she realized what had happened he pushed [McClain] in her right rib cage inside of the vehicle to eject her from his vehicle. [McClain] landed outside of the vehicle on the ground headfirst on the right side. [McClain's] body instantly curled into a ball, and she began crying because her head and neck were in so much pain. [Holbrook] was standing over [McClain] calling her name and telling her to get up off the ground. She repeated several times to [Holbrook] that she could not get up because she was in so much pain. [Holbrook] then yanked her body off the ground by her left arm sweatshirt and continued to push her and shove her toward the door around his father's truck in the driveway. [McClain] does not recall how she made it down the stairs into [Holbrook's] bedroom in the basement. Once they were in the bedroom, [Holbrook] continued to scream at [McClain] to open her eye and call her names. That is when [McClain] realized that her eye could not open. [Holbrook] then left the house as he said he would, [McClain] then crawled up the stairs to the top floor and began banding on [Holbrook's] parents' door begging for help telling them that it was really bad and no one would help her. She then crawled back downstairs and contacted her friend Kayla Christensen and Zack Hill about her injuries because she needed help to leave the residence.

State Farm Ex. F, pp. 3–4, ECF No. 34-6; *see also* Safeco Ex. E, p. 20, ECF No. 50-5.

Holbrook pled guilty to committing the crime of battery resulting in moderate bodily injury, a Level 6 Felony. State Farm Ex. G, ECF No. 34-7; Safeco Ex. H, ECF No. 50-8. At his plea and sentencing hearing, Holbrook agreed that: (1) on May 7, 2022, he was in Jasper County, Indiana; (2) on that date, he knowingly and intentionally touched McClain in a rude, insolent, or angry manner; (3) he was previously in a romantic relationship with McClain; and (4) as a result of his action, McClain sustained moderate bodily injury. McClain Ex. 1, 7:8–18, ECF No. 36-3; McClain Ex. 2, 7:8–18, ECF No. 52-4. He was ordered to successfully complete a 52-week Batterers Intervention Program and to pay $665.55 in restitution to McClain for her medical bills to date. State Farm Ex. G; Safeco. Ex. H.

**C.     McClain's Claims in the Underlying Personal Injury Lawsuit**

On January 27, 2023, McClain filed an Amended Complaint for Damages and Jury Demand (the amended complaint), in the state court personal injury lawsuit *Lesa McClain v. Codi G. Holbrook, Holley's Restaurant and Lounge, Sean Holbrook, and Shannon Holbrook*, Cause No. 37C01-2212-CT-001125, Jasper County, Indiana, Circuit Court (the McClain Lawsuit

or underlying lawsuit). State Farm Ex. A; Safeco Ex. B, ECF No. 50-2. The amended complaint includes four counts, two of which are relevant here. Count I alleges that Holbrook was negligent or reckless when he operated his motor vehicle in a manner that resulted in McClain being improperly removed or otherwise ejected from the vehicle, causing her injury. State Farm Ex. A ¶ 9; Safeco Ex. B ¶ 9. Count IV asserts a claim for battery, alleging that on or about May 6, 2022, Holbrook knowingly or intentionally touched McClain in a rude, insolent, or angry manner resulting in serious bodily injury. State Farm Ex. A ¶ 38; Safeco Ex. B ¶ 38. The case remains pending in the Jasper County, Indiana, Circuit Court.

**D.    Defendant Holbrook's Parents' Homeowners Insurance Policy**

State Farm issued Shaun and Shannon Holbrook, the parents of Defendant Codi Holbrook, a Homeowners Policy No. 14-BQ-F440-7 (the Homeowners Policy), effective November 2, 2021, to November 2, 2022. State Farm Ex. B, ECF No. 34-2 pp. 2–3 of 50; Compl. ¶ 2. Under "Coverage L," the Homeowners Policy obligates State Farm to "provide a defense at [State Farm's] expense by counsel of [State Farm's] choice" "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies." State Farm Ex. B, p. 34 of 50. Under "Coverage M," the Homeowners Policy obligates State Farm to "pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury" "to a person on the insured location with the permission of an insured." *Id*. However, the Homeowners Policy also provides that Coverage L and M do not apply to bodily injury that resulted from a "criminal[] act or omission of the insured." *Id*. p. 36 of 50. The Homeowners Policy defines "insured" as including "you" and "your relatives." *Id*. p. 13 of 50.

**E.        Crossclaim Defendant Holbrook's Mother's Automobile Insurance Policy**

Crossclaimant Safeco issued Shannon Holbrook, the mother of Crossclaim Defendant Codi Holbrook, an Automobile Policy No. K3033266 (the Automobile Policy), effective April 25, 2022, to April 25, 2023, for a 2010 Ford Focus. Safeco Ex. C, ECF No. 50-3 p. 14 of 62; Cross-cl. ¶ 6, ECF No. 18. Under "Part A," the Automobile Policy provides that Safeco

> will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. [Safeco] will settle or defend, as [it] consider[s] appropriate, any claim or suit asking for these damages. In addition to [Safeco's] limit of liability, [it] will pay all defense costs [it] incur[s].

Safeco Ex. C, p. 24 of 62. However, the Automobile Policy also provides that "[Safeco] [has] no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy." *Id*. Under the Automobile Policy's "Exclusions," Safeco does not provide Liability Coverage for "[b]odily injury or property damage arising out of a criminal act or omission of the insured." *Id*. p. 26 of 62. The Automobile Policy defines "insured" as including "[y]ou or any family member." *Id*. p. 24 of 62.

## ANALYSIS

In their Motions for Summary Judgment, State Farm and Safeco each move for summary judgment on its claim for a declaratory judgment that under its respective Policy (Homeowners Policy—State Farm; Automobile Policy—Safeco) it has no duty to defend Holbrook against the McClain Lawsuit and no duty to indemnify Holbrook for damages awarded in the McClain Lawsuit. State Farm argues that its Homeowners Policy excludes coverage for providing a defense to Holbrook and to indemnify him for McClain's bodily injuries because: (1) Holbrook's conduct was not an occurrence; (2) McClain's bodily injuries resulted from Holbrook's criminal acts; (3) McClain's injuries resulted from Holbrook's willful and malicious act; and (4) McClain's injuries resulted from the use of a motor vehicle. Safeco argues that its Automobile

8

Policy excludes coverage for providing a defense to Holbrook and to indemnify him for McClain's bodily injuries because: (1) McClain's injuries did not result from an accident; (2) McClain's bodily injuries resulted from Holbrook's criminal acts; and (3) Holbrook intentionally caused McClain's bodily injuries.

Because the second ground involving Holbrook's criminal act is dispositive for both motions, the Court will not address the other grounds. Accounting for a slight difference in language between the Homeowners Policy and the Automobile Policy, the Court addresses State Farm's and Safeco's criminal acts arguments together below.

State Farm's Homeowners Policy expressly does not cover the provision of a defense if a claim is made or a suit is brought for bodily injuries that resulted from a criminal act of the insured. Similarly, Safeco's Automobile Policy expressly does not cover the provision of a defense for a claim or suit brought for bodily injuries arising out of a criminal act of the insured. "[A]n act is criminal if it violates the State's criminal code." *Allstate Ins. Co. v. Brown*, 16 F.3d 222, 225 (7th Cir. 1994).

In this case, as set forth in the Probable Cause Affidavit, Holbrook's actions—of pulling into the driveway of his residence in a vehicle, shoving McClain out of the vehicle and onto the ground, and picking her up and taking her inside the house resulted in "a serious swelled, black and blue eye" that required medical attention—provided the probable cause for him to be charged with criminal battery resulting in moderate bodily injury, to which Holbrook pled guilty. *See* Ind. Code §§ 35-42-2-1.3(a)(1), (b)(3).[3] McClain also later testified without contradiction

---

[3] Indiana Code § 35-42-2-1.3(a)(1) provides that "knowingly or intentionally . . . touch[ing] a family or household member in a rude, insolent, or angry manner . . . commits domestic battery," which is a Class A misdemeanor. Ind. Code § 35-42-2-1.3(a)(1). The offense is a Level 6 felony if "[t]he offense results in moderate bodily injury to a family or household member." *Id*. § 35-42-2-1.3(b)(3). "An individual is a 'family or household member" of another person if the individual . . . is dating or has dated the other person . . . ." *Id*. § 35-31.5-2-128.

9

that during the incident Holbrook shoved her, smacked her on her face, hit her extremely hard on her ribcage, and flung her out of the car; and she provided the unrebutted interrogatory response that Holbrook yanked her off the ground and continued to push and shove her. Additionally, in her responses to the instant motions, McClain points out that "[i]n the underlying lawsuit, [she] alleges that Holbrook caused her injuries both when he ejected her from his vehicle and by his subsequent actions of bringing her into the home." Resp. 9, ECF No. 36; Resp. 11, ECF No. 52.

Based on the facts set forth in the Probable Cause Affidavit and in McClain's testimony and interrogatory response as well as in state court allegations, the Court finds that McClain's injuries that resulted from Holbrook shoving her out of the vehicle onto the ground and taking her into the house were caused by Holbrook's criminal actions and thus also arose from his criminal actions.

Therefore, under the unambiguous language of the Homeowners Policy, the Court concludes that State Farm does not have a duty to defend Holbrook against the McClain Lawsuit for damages for those injuries. Consequently, the Court also concludes that State Farm has no duty under the Homeowners Policy to indemnify Holbrook against the McClain Lawsuit. *See Ebert*, 188 N.E.3d at 865. Similarly, under the unambiguous language of the Automobile Policy, the Court concludes that Safeco does not have a duty to defend Holbrook against the McClain Lawsuit for damages for her injuries.[4] As a result, the Court further concludes that Safeco has no duty under the Automobile Policy to indemnify Holbrook against the McClain Lawsuit. *See id*.

---

[4] The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Safeco's crossclaim for declaratory relief because both State Farm's original claim for declaratory relief and Safeco's crossclaim request the same declaratory relief, have insurance policies with similar language, and involve the same incident and personal injury state court case, "deriv[ing] from a common nucleus of operative fact with the original . . . claim[]." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (cleaned up). However, "[w]hen all [original] claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (citations omitted). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the

McClain argues against these results because, at Holbrook's guilty plea and sentencing hearing, Holbrook merely admitted to being in Jasper County, Indiana, on May 7, 2022, knowingly or intentionally touching her in a rude, insolent, or angry manner, previously being in a romantic relationship with her, and causing bodily injury. According to McClain, this means that the record is barren as to how or by what acts Holbrook touched McClain in a rude, insolent, or angry manner—but she does not address the other parts of the record containing such a factual basis cited by State Farm and Safeco and recited by the Court above. Likewise, she does not cite any authority suggesting that the Court may not examine any other part of the record other than the guilty plea and sentencing hearing for a factual basis. To the contrary, the Court may also consider the Probable Cause Affidavit, McClain's testimony, and her interrogatory response, as it did above. *See Smith*, 150 N.E.3d at 202. Thus, the Court finds McClain's argument unavailing.

Accordingly, based on the arguments, McClain's amended complaint in the underlying personal injury lawsuit, and the evidence before the Court, the Court grants summary judgment in favor of the State Farm on its claim for a declaratory judgment that it has no duty under the Homeowners Policy to defend Holbrook against the McClain Lawsuit and that it has no duty under the Homeowners Policy to indemnify Holbrook for damages awarded in the McClain

---

court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co.*, 672 F.3d at 479 (cleaned up). Because of the similarity between the original claim and the crossclaim, the Court here has already engaged in a meaningful review of the merits of the crossclaim and thus has committed substantial judicial resources; and it is obvious that the crossclaim for declaratory relief should be granted in the same manner as the original claim for declaratory relief such that retaining supplemental jurisdiction is proper in this instance. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007) (explaining that a district court should retain supplemental jurisdiction "where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided").

11

Lawsuit. The Court also grants summary judgment in favor of the Safeco on its claim for a declaratory judgment that it has no duty under the Automobile Policy to defend Holbrook against the McClain Lawsuit and that it has no duty under the Automobile Policy to indemnify Holbrook for damages awarded in the McClain Lawsuit.[5] Thus, the Court need not address the parties' arguments on whether the Policy also excludes coverage because Holbrook's conduct was not an occurrence or an accident, his actions were willful and malicious, McClain's injuries resulted from the use and operation of a motor vehicle, or Holbrook's conduct was intentional.[6]

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS State Farm Fire and Casualty Company's Motion for Summary Judgment [ECF No. 33]. The Court DIRECTS the Clerk of Court to enter DECLARATORY JUDGMENT in favor of Plaintiff State Farm Fire and Casualty Company and against Defendants Codi Holbrook, Lesa McClain, and Safeco Insurance Company of Indiana declaring that:

1. State Farm Fire and Casualty Company has no duty under Homeowners Policy No. 14-BQ-F440-7 to defend and/or indemnify Codi Holbrook against Lesa McClain's Indiana state court lawsuit, *McClain v. Holbrook, et al.*, No. 37C01-2212-CT-001125 (Jasper Cir. Ct. filed Dec. 14, 2022).

---

[5] To the extent that Safeco requests additional declaratory relief, the declarations that Safeco has no duty under the Automobile Policy to defend Holbrook against the McClain Lawsuit and that it has no duty to indemnify Holbrook for damages awarded in the McClain Lawsuit subsume the additional requested declaratory relief that: (1) the Automobile Policy provides no medical payments coverage and no bodily injury liability coverage for the May 6, 2022 accident; (2) that the Policy provides no coverage for the potential liability of Codi Holbrook in the Underlying Lawsuit; and (3) that Safeco has no duty to pay any judgment that may be awarded in favor of Lesa McClain against Codi Holbrook in the Underlying Lawsuit.

[6] To the extent McClain may argue that she is alternatively asserting injuries based on negligent or reckless conduct by Holbrook, the Court need not address such an argument because McClain does not raise an argument about any such injuries in her summary judgment response briefs. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

The Court also hereby GRANTS Safeco Insurance Company of Indiana's Motion for Summary Judgment [ECF No. 48]. The Court DIRECTS the Clerk of Court to enter DECLARATORY JUDGMENT in favor of Crossclaimant Safeco Insurance Company of Indiana and against Crossclaim Defendants Codi Holbrook and Lesa McClain, declaring that:

1. Safeco Insurance Company of Indiana has no duty under Automobile Policy No. K3033266 to defend and/or indemnify Codi Holbrook against Lesa McClain's Indiana state court lawsuit, *McClain v. Holbrook, et al.*, No. 37C01-2212-CT-001125 (Jasper Cir. Ct. filed Dec. 14, 2022).

The Clerk of Court is directed to close this case.

SO ORDERED on January 14, 2025.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT